UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
---------------------------------------------X
Mordehay Ozeri,

                Plaintiff,

      Agaisnt

Zakheim & Lavrar, P.A.,

                Defendant.
---------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

      Now comes Plaintiff Mordehay Ozeri (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Zakheim & LaVrar, P.A. (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from

using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and that the Defendant has violated, through acts or omissions, some part of the FDCPA.

The Court in *Pollock v Bay Area Credit Serv., LLC.* ruled that there is no need to show intent for an FDCPA claim, that this is a strict liability statute. WL 2475167 (S.D. Fla. 2009).

## PARTIES

1. Plaintiff is a natural person and resident of Broward County, Florida.

2. At all relevant times herein, Plaintiff maintained his residence at 15391 SW 20th St., Davie, Florida 33326.

3. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4. Upon information and belief, Defendant is engaged in the business of collecting debts incurred and debts alleged to be incurred, and is authorized to conduct business in the State of Florida.

5. Upon information and belief, Defendant is a collection firm with its principal place of business located at 1045 South University Drive, Plantation, Florida 33324.

6. Upon information and belief and at all relevant times herein, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

7. Upon further information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA.

8. Upon information and belief, Defendant transmitted a "communication" to the Plaintiff as that term is used in 15 U.S.C. §1692a(2).

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.

10. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

13. Upon information and belief, on a date better known to the Defendant, the Defendant began collection activities on an alleged consumer debt from the Plaintiff (referred to hereinafter as "Alleged Debt").

14. On or about October 25, 2012 Defendant left Plaintiff at least two (2) voicemails with respect to the Alleged Debt.

15. The first October 25, 2012 voicemail message stated:

> Mr. Ozeri, this is A.J. I called you two times; you never got back to me. When you get a chance you can call me, 1-800-531-5490 extension 274.

16. The second October 25, 2012 stated:

> This message is for Mordehay Ozeri. If you are not for Mordehay Ozeri, skip or delete this message. By continuing to listen to the message you acknowledge that you are Mr. Mordehay Ozeri. Mr. Ozeri, this is A.J. I was out to lunch when you called me. I'm returning your call, I'm in my

> room. Please call me, it is extremely important, I just checked both accounts. Call me, 1-800-531-5490 extension 274.

17.   In both communications, Defendant failed to state that it was a debt collector.

18.   In both communications, Defendant failed to identify its company name.

19.   Said failure on the part of the Defendant is a violation of the FDCPA, 15 U.S.C. §1692e(11), which mandates that a debt collector identify its true company name.

20.   Said failure on the part of the Defendant is a violation of the FDCPA, 15 U.S.C. §1692e(14), which mandates that a debt collector disclose that it is a debt collector in all subsequent communications.

21.   As a result of the Defendant's deceptive, misleading and unfair debt collection practices, the Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

22.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23.   Defendant violated 15 U.S.C. §1692e(11) of the FDCPA, in that Defendant failed to disclose that it was a debt collector as required to do under the statute.

24.   As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### SECOND CAUSE OF ACTION
### (Violations of the FDCPA)

25.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26.     Defendant violated the FDCPA, 15 U.S.C. §1692e(14), in that the Defendant failed to disclose its true company name.

27.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

28.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mordehay Ozeri demands judgment from the Defendant Zakheim & La Vrar, P.A., as follows:

A.  For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2):

B.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

C.  For a declaration that the Defendants' practices violated the FDCPA; and,

D.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        August 26, 2013

                                        Respectfully submitted,

                                        By:  _s/ Jerald Alan Belofsky__
                                             Jerald Alan Belofsky, Esq.
                                        Fredrick Schulman & Associates
                                        Attorneys at Law
                                        Attorney for Plaintiff
                                        30 East 29TH Street
                                        New York, New York 10016
                                        (212) 796-6053
                                        info@fschulmanlaw.com